UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES KEVIN CAMPBELL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-852-JD-MGG |
| MATT HASSEL, et al., | |
| Defendants. | |

OPINION AND ORDER

James Kevin Campbell, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Campbell alleges that, since his arrival at the Marshall County Jail, he has received inadequate care from Dr. Tchaptchet and Nurse Loftus with respect to the flu, kidney stones, the injury to his left hip, and the injury to his right rotator cuff. Because Mr. Campbell is a pretrial detainee, the court must assess his

claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Mr. Campbell states a plausible Fourteenth Amendment claim against Nurse Loftus and Dr. Tchaptchet.

Mr. Campbell also names Sheriff Hassel as a defendant because he allowed Dr. Tchaptchet and Nurse Loftus to provide inadequate care. "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because Mr. Campbell does not allege that Sheriff Hassel was personally involved in denying him adequate medical care, he may not proceed against him on a claim for money damages.

Mr. Campbell seeks appropriate medical treatment for his left hip, right rotator cuff, and kidney stones. For prisoner cases, the court has limited authority to order

injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Mr. Campbell may proceed on this claim, but injunctive relief, if granted will be limited to requiring correctional officials to provide medical treatment as required by the Fourteenth Amendment. Sheriff Hassel has both the authority and the responsibility to ensure that Mr. Campbell receives the medical treatment to which he is entitled under the Fourteenth Amendment. Therefore, he may proceed on this claim against Sheriff Hassel in his official capacity.

For these reasons, the court:

(1) GRANTS James Kevin Campbell leave to proceed on a Fourteenth Amendment claim for money damages against Dr. Tchaptchet and Nurse Loftus for providing inadequate treatment for the flu, kidney stones, left hip injury, and right rotator cuff injury at the Marshall County Jail;

(2) GRANTS James Kevin Campbell leave to proceed on an injunctive relief claim against Sheriff Hassel in his official capacity to obtain the medical treatment for the kidney stones, left hip injury, and right rotator cuff injury to which he is entitled under the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel, Dr. Tchaptchet, and Nurse Loftus at the Marshall County Jail

with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel, Dr. Tchaptchet, and Nurse Loftus to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which James Kevin Campbell has been granted leave to proceed in this screening order.

SO ORDERED on November 9, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT